UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Malibu Media LLC, | ) | |
|     Plaintiff | ) | |
| | ) | |
|         v. | ) | Case No.   12-1493 |
| | ) | |
| John Doe #1 | ) | |
|     Defendant | ) | |
| | ) | |

**ORDER**

Now before the court is the motion (#9) by John Doe #1 to quash a subpoena and for leave to proceed anonymously. As stated herein the motion to quash is DENIED and the motion for leave to proceed anonymously is GRANTED.

In support of the motion to quash, John Doe #1 primarily argues (1) that he/she has standing to challenge the subpoena; (2) that Malibu Media has not shown that the information the subpoena will obtain is not "very likely" to positively identify the infringer; and (3) that the risks of mis-identification, public embarrassment and coerced settlement weigh in favor of quashing the subpoena.

I agree that John Doe #1 has standing to challenge the subpoena.  Although it is directed to Comcast, the purpose of the subpoena was to enable Plaintiff to obtain John Doe's identity from Comcast.

I acknowledge that subpoenas such as the one in question here raise issues because there is no absolute correlation between an IP address and a specific person.  Nonetheless, such subpoenas do point in the direction of the infringer. As prior orders of this Court have indicated, there is no other way for the Plaintiff, who asserts a protected copyright, to begin its quest to protect that copyright. See, *Malibu Media v John Does 1-7,* Case 12-1189 (Doc. #131). In this Circuit, there is no law to the contrary. The motion to quash is denied.

At the same time, this Court acknowledges that the very nature of the copyright in question could well subject John Doe #1 to public opprobrium. There is also a strong suggestion in the case law that plaintiffs in these types of cases seeking to protect copyrights involving pornography are using the

possibility of negative publicity to coerce settlements. These exceptional circumstances lead me to conclude that John Doe's interest in privacy outweighs – for the time being – any public interest in his/her identity. Should the time come when it becomes appropriate to reveal his identity, the Court will entertain further motions on the question.

One further comment is needed. Allowing John Doe #1 to proceed anonymously does not mean, as suggested by Plaintiff's response to this motion, that everything may be filed under seal. What this order means is that John Doe #1 may continue to defend this action using the pseudonym "John Doe #1." No pleading, exhibit or other document filed in this case may identify the defendant by any other moniker. No leave has been given, however, to file under seal. See Local Rule 5.10 for more on filing under seal.

Pursuant to a prior order, Plaintiff was ordered to serve John Doe #1 with process within 14 days after ruling was entered on this pending motion. That service shall now be timely effected. John Doe #1 shall file an answer to the complaint within 14 days after being served. A Rule 16 scheduling conference is set for May 29, 2013 at 11:00 AM by phone, Court to set up the call.

ENTERED: April 22, 2013

                                s/ John A. Gorman

                                JOHN A. GORMAN
                            UNITED STATES MAGISTRATE JUDGE